**Tyrian L. BELT, Plaintiff,**

v.

**INDIANA PAROLE DEPARTMENT, Defendant.**

No. 3:02–CV–0847 AS.

United States District Court, N.D. Indiana, South Bend Division.

Jan. 16, 2003.

Tyrian L. Belt, Elkhart, IN, Pro se.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

Tyrian Belt submitted a complaint seeking declaratory and injunctive relief that would require Indiana officials to discharge him from Parole. When he filed his complaint, he was committed to the Indiana Department of Correction and confined at the Miami Correctional Facility. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a govern-

mental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir.2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

Mr. Belt seeks declaratory and injunctive relief against the State of Indiana and its parole board,[1] asserting violation of 18

---

1. Mr. Belt only names the Indiana Parole Board as a defendant, but apparently used a

U.S.C. § 4161. He also asserts that portions of Indiana's Code dealing with good time credit and parole violate provisions of Indiana's constitution. He seeks to be discharged from his sentence without serving time on parole. Although he has been released from prison, his claim is not moot because he is still on parole.

■ To the extent Mr. Belt seeks an early discharge from his state sentence, his claim should have been brought as a habeas corpus petition pursuant to 28 U.S.C. 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). But even if this claim were cognizable as a non-habeas action, the court could not grant Mr. Belt the relief he seeks.

■ Mr. Belt's request for declaratory or injunctive relief based on 18 U.S.C. § 4161 states no claim upon which relief can be granted because that statute was repealed effective October 12, 1984. Even if § 4161 were still in effect, Mr. Belt could not obtain injunctive or declaratory relief based on the statute because he is a state prisoner. Section 4161 dealt only with federal prisoners.

■ The Eleventh Amendment precludes this court from entertaining Mr. Belt's request that it interpret Indiana's constitution and require state officials to conform their conduct to the state constitution. A federal court lacks jurisdiction to enjoin state officials to follow state law. "A federal court's grant of relief against state officials on the basis of state law, ... does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to

conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). To require Indiana and its parole board to conform their conduct to Indiana's constitution, a litigant must look to his state court remedies.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to the plaintiff's right to refile his state constitutional claims in state court.

**IT IS SO ORDERED.**

---

form that was intended to be used in a suit against the United States Board of Parole. In the body of the complaint, he asks the court

to grant him declaratory relief against the U.S. Board of Parole.