**Vonzell BATCHELDER, Plaintiff,**

v.

**James ARNOLD, et al., Defendants.**

**No. 3:03–CV–081AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 5, 2003.

Vonzell Batchelder, Greencastle, IN, for Plaintiff.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Vonzell Batchelder, a prisoner currently confined in the Putnamville Correctional Facility, filed a complaint, alleging viola-tion of his federally protected rights while he was confined at the LaPorte County Jail. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a govern-mental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion un-der Fed.R.Civ.P. 12(b)(6) to dismiss a com-plaint. *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir.2000).

A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are lib-erally construed.

In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In review-ing the complaint on a motion to dismiss, no more is required from plaintiff's alle-gations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

42 U.S.C. § 1983 provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must satisfy two elements; he must allege violation of rights secured by the Constitution and laws of the United States, and he must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *accord, Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Juriss v. McGowan,* 957 F.2d 345, 349 n. 1 (7th Cir.1992); *Baker v. McCollan,* 443 U.S. at 140, 99 S.Ct. 2689.

Mr. Batchelder alleges that while he was confined at the LaPorte County Jail, he was denied medical treatment, and that his property was taken and not returned to him. Mr. Batchelder does not state whether he was a pre-trial detainee or was at the jail serving a sentence on a conviction. The Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Robinson v. Moses,* 644 F.Supp. 975 (N.D.Ind.1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Robinson v. Moses,* 644 F.Supp. at 980, but "there is little practical difference between the standards utilized under the two amendments." *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir.2001), *citing Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000).

■ A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate,* 445 F.2d 105, 108–109 (7th Cir.1971); *Del Raine v. Williford,* 32 F.3d 1024, 1050 (7th Cir.1994) (Manion, J. concurring).

■ Mr. Batchelder alleges that he was denied treatment when the breathing treatment he was receiving was ended by Nurse Gwen. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. "Under the Eighth Amendment, [a plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her." *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir.1997).

■ Mr. Batchelder's complaint does not allege any deliberate indifference. He says he was receiving a treatment, but that it ended before he thought it should. That Mr. Batchelder believes he should have received the treatment longer on this one occasion does not rise to the level of a constitutional violation or deliberate indifference.

Mr. Batchelder wanted medical treatment that he didn't receive. A dispute about his proper course of treatment does not state a claim of deliberate indifference. "Under the Eighth Amendment, [the plain-

tiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her. The defendants have taken those measures." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). He "is not entitled to demand specific care." *Forbes v. Edgar*, 112 F.3d at 267. Even if the defendants committed malpractice (a possibility the court does not address) this would not state a claim under § 1983. The reasonable inferences from Mr. Batchelder's allegations do not support a claim of deliberate indifference; at worst, they might imply negligence, incompetence, or malpractice.

Assuming that the allegations in Mr. Batchelder's complaint are true, he has a medical condition for which he was receiving medical treatment with which he is dissatisfied, but he has no claim of a constitutional violation.

■ Mr. Batchelder alleges that his property was not returned to him when he was released from the LaPorte County. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Indiana's tort claims act (INDIANA CODE § 34–13–3–1) provides for state judicial review of property losses caused by state employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir.1987); *Wilson v. Civil Town of Clay-*

*ton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). This claim will be dismissed.

None of the claims presented state a claim upon which relief could be granted. Therefore, pursuant to 28 U.S.C. § 1915A, the complaint is DISMISSED.

SO ORDERED.