Michael A. JOY, Plaintiff,

v.

HEALTHCARE C.M.S., Warden Raphael Williams, Commissioner Carl C. Danberg, Governor Ruth Ann Minner, and Mayor James M. Baker, Defendants.

Civ. Action No. 07–405–JJF.

United States District Court, D. Delaware.

Feb. 21, 2008.

Michael A. Joy, Pro se Plaintiff.

Howard R. Young, Correctional Institution, Wilmington, DE.

### *MEMORANDUM OPINION*

JOSEPH J. FARNAN, District Judge.

Plaintiff Michael A. Joy ("Joy"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), along with several other inmates, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 18.)

For the reasons discussed below, the Court will dismiss the claims against Defendants Governor Ruth Ann Minner, Department of Correction Commissioner Carl C. Danberg, and Wilmington Mayor James M. Baker, for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow Plaintiff to proceed against Defendants Warden Raphael Williams and Correctional Medical Services.

## I. THE COMPLAINT

Plaintiffs filed their original Complaint and followed it with two amendments. (D.I. 5, 6, 13.) Basically, the amendments added new plaintiffs. All Plaintiffs, with the exception of Joy, have been dismissed from the case for failure to provide documents as required by the Court. The Complaint alleges, generally, that grievances submitted at HRYCI regarding the conditions there are routinely ignored or not addressed. (D.I. 6 ¶¶ 8–11.) Plaintiff alleges that Defendants are at fault for exposing inmates to an unhealthy living environment and not having preventive measures or policies to assure the safety of sentenced and unsentenced inmates. *Id.* at ¶ 13. Specifically, Joy alleges that inmates brought to the institution are housed without being quarantined and since his incarceration he has been exposed to tuberculosis. (D.I. 6, Joy statement.)

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion

to dismiss under Fed.R.Civ.P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.,* No. 4:07CV–000079, 2007 WL 257617 (M.D.Pa. Jan.25, 2007) (citing *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir.2000)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). A complaint must contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Fed.R.Civ.P. 8.

A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny,* 515 F.3d 224, 232–33 (3d Cir.2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests." *Id.* (citing *Twombly,* 127 S.Ct. at 1965 n. 3.) Therefore, " 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*

*v. County of Allegheny,* 2008 WL 305025, at *6 (quoting *Twombly,* 127 S.Ct. at 1965 n. 3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because Plaintiff proceeds *pro se,* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citations omitted).

## III. ANALYSIS

### A. Personal Involvement

 It is apparent in reading the Complaint and its amendments that suit was filed against Governor Ruth Ann Minner ("Governor Minner"), Department of Correction Commissioner Carl C. Danberg ("Commissioner Danberg"), and Wilmington Mayor James M. Baker ("Mayor Baker") based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). " 'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.' " *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social*

*Services,* 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117–118 (3d Cir.1989); *see also City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women,* 128 Fed.Appx. 240 (3d Cir.2005).

■ The Complaint alleges that Commissioner Danberg fails to address the many grievances filed by inmates, that Governor Minner fails to thoroughly investigate the many complaints filed by inmates, and that Mayor Baker fails to thoroughly investigate the many complaints filed by inmates. The Complaint does not allege that the foregoing Defendants were aware of Joy's alleged exposure to disease and remained "deliberately indifferent" to his plight. *Sample v. Diecks,* 885 F.2d at 1118. Moreover, there are no allegations that Defendants were the "driving force [behind]" the alleged constitutional violations. As a result, the Court will dismiss the claims against the foregoing Defendants as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as they lack an arguable basis in law or in fact.

### B. Exposure

■ The Supreme Court has recognized that exposure to contagious diseases may violate the Eighth Amendment if prison officials, acting with deliberate indifference, expose a prisoner to a sufficiently substantial "risk of serious damage to his future health." *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (holding that exposure to environ-

mental tobacco smoke states an Eighth Amendment cause of action even though inmate was asymptomatic because the health risk posed by involuntary exposure to second hand smoke was "sufficiently imminent"). Additionally, inmates may be entitled to relief under the Eighth Amendment where they proved threats to personal safety from the mingling of inmates with serious contagious diseases. *See id.* at 33, 113 S.Ct. 2475. Courts have held that inmates can state an Eighth Amendment claim for confinement in a cell with an inmate who has a serious contagious disease that is spread by airborne particles, such as tuberculosis. *See Bolton v. Goord,* 992 F.Supp. 604, 628 (S.D.N.Y.1998)(acknowledging that prisoner could state Eighth Amendment claim for confinement in same cell as inmate with serious contagious disease, such as tuberculosis, but rejecting claim in this case because prisoner had not shown that inmates with active infectious tuberculosis were double-celled).

■ The Complaint alleges that Warden Raphael Williams was aware that inmates were not thoroughly screened for disease before going into general population and that Correctional Medical Services does not have a policy in place to examine inmates before placing them into general population. Accordingly, Plaintiff will be allowed to proceed against Defendants Warden Raphael Williams and Correctional Medical Services on the exposure claim.

### IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the claims against Defendants Governor Ruth Ann Minner, Department of Correction Commissioner Carl C. Danberg, and Wilmington Mayor James M. Baker for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will allow

Plaintiff to proceed with his Eighth Amendment exposure claim against Defendants Warden Raphael Williams and Correctional Medical Services. An appropriate Order will be entered.

### ORDER

NOW THEREFORE, at Wilmington this 21 day of February, 2008, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall cause a copy of this Order to be mailed to Plaintiff.

2. Plaintiff's claims against Defendants Governor Ruth Ann Minner, Department of Correction Commissioner Carl C. Danberg, and Wilmington Mayor James M. Baker are *DISMISSED* as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are *DISMISSED* as Defendants in the case.

3. The Court has identified cognizable Eighth Amendment claims against Defendants Warden Raphael Williams and Correctional Medical Services. Plaintiff is allowed to *PROCEED* against these Defendants.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed.R.Civ.P. 4(c)(2) and (d)(2), Plaintiff shall provide the Court with **original** "U.S. Marshal—285" forms for **remaining Defendants Warden Raphael Williams and Correctional Medical Services,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code Ann. tit. 10, § 3103(c). **Plaintiff shall provide the Court with copies of the Complaint and amendments (D.I. 5, 6, 13) for service upon the remaining Defendants and the Attorney General. Plaintiff is notified that the United States Marshal will not serve the Complaint and its amendments until all "U.S. Marshal 285" forms have been re-**ceived by the Clerk of the Court. **Failure to provide the "U.S. Marshal 285" forms and copies of the Complaints and its amendments for each remaining Defendant and the Attorney General within 120 days from the date of this Order may result in the Complaint being dismissed or Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the Complaint and amendments (D.I. 5, 6, 13), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendants pursuant to Fed.R.Civ.P. 4(c)(2) and said Defendants shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

4. Pursuant to Fed.R.Civ.P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof

of service upon the parties or their counsel.

6. **NOTE:** * * * When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place.** An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). * * *

7. **NOTE:** * * * Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. * * *