NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2009[*]
Decided April 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3853

| | |
|---|---|
| YONGPING ZHOU, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 08 C 4938 |
| FRANCES DOLAN, et al., | |
|     *Defendants-Appellees*. | Elaine E. Bucklo, |
| | *Judge*. |

### O R D E R

Yongping Zhou appeals the denial of his motion to reconsider the dismissal of his civil rights law suit. Because his motion to reconsider seeks to raise issues that should have been brought on direct appeal, we affirm.

---

[*]The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

In 2008 Zhou brought a lawsuit under 42 U.S.C. § 1983, alleging that Scott Pollock; his law firm, Scott Pollock & Associates; and a state trial judge conspired to rule against him in an earlier state court proceeding (according to Zhou, Pollack had prepared on the court's behalf a draft order containing unfavorable language). The district court sua sponte dismissed Zhou's complaint for lack of subject-matter jurisdiction; the court explained that Zhou's suit improperly attacked the state-court judgment in violation of the *Rooker-Feldman* doctrine, and that Zhou's remedy was an appeal in state court of that verdict. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). But Zhou did not directly appeal, and more than a month later moved for reconsideration or, alternatively, sought permission to amend his complaint. He asserted that his suit was not barred by *Rooker-Feldman* because he was presenting an independent claim–denial of due process caused by defendants' alleged conspiracy–rather than a claim premised on an injury caused by the state-court judgment. The district court denied the motion, reiterating that Zhou's complaint raised issues that needed to be decided in an appeal in state court.

On appeal Zhou generally challenges the denial of his motion to reconsider. Because he filed the motion more than ten business days after the district court entered judgment, we construe it under Federal Rule of Civil Procedure 60(b). S*ee Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

We review rulings on Rule 60(b) motions for abuse of discretion, *see Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 473-74 (7th Cir. 2008), and we see no abuse here. In his motion Zhou renewed his claim that he had been denied process in the state-court proceedings, but this is not a valid ground for seeking relief under rule 60(b). *See Talano*, 273 F.3d at 762. Relief under that provision is an extraordinary remedy, *id.*, and the rule may not be used to resurrect arguments that could have been made on appeal or in a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

To the extent Zhou also argues on appeal that the district court improperly denied his postjudgment motion to amend his complaint, that argument is frivolous. Once judgment was entered, Zhou no longer had any right to file an amended pleading, *see Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000); *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995), and in any event he never specified how he proposed to amend his complaint.

AFFIRMED.