In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3789

KIRK HORSHAW,

*Plaintiff-Appellant,*

*v.*

MARK CASPER, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 14-CV-0248-NJR-DGW — **Nancy J. Rosenstengel**, *Judge.*

ARGUED SEPTEMBER 12, 2018 — DECIDED DECEMBER 14, 2018

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* On October 5, 2012, Kirk Horshaw was brutally beaten by other inmates at Menard Correctional Center, acting on the instructions of a gang leader who felt himself disrespected. The injuries were grave; Horshaw was lucky to survive and still suffers pain and the effects of brain trauma. Horshaw had been warned that an attack was in prospect; a few days (maybe weeks) be-

fore the attack he received an anonymous letter stating that he would be "eradicated" for disrespecting the gang's leader. In this suit under 42 U.S.C. §1983 Horshaw contends that he gave Mark Casper, a guard, a letter describing this threat. Horshaw asserts that Casper promised to investigate yet did nothing. Horshaw also contends that he sent a note to Michael Atchison, then the prison's warden, describing the threat and asking for protection.

The defendants concede that the attack occurred and that Horshaw's injuries are serious. But both Casper and Atchison deny receiving these documents from Horshaw or having any other reason to think that he was in danger. Unless they knew that he was at serious risk, they cannot be liable. See *Farmer v. Brennan*, 511 U.S. 825 (1994).

The district court granted summary judgment to Casper, Atchison, and the other two defendants, who we do not mention because Horshaw's appellate brief abandons his claims against them. 2016 U.S. Dist. LEXIS 132393 (S.D. Ill. Sept. 27, 2016). The court found Casper not liable because, whether or not he received the letter, it did not establish a specific or substantial threat. The judge wrote that the letter, as Horshaw remembers its contents—poorly, as he has a brain injury and says that he gave Casper the only copy— did not offer "any context or time frame for either his alleged action (e.g., who he was accused of disrespecting or when it occurred) or the threat Horshaw received. There is no evidence that Horshaw identified to Casper which gang the [warning] was talking about, who handed him the [warning], or which specific person or group he feared." *Id*. at *17. The court found Atchison not liable because he did not receive Horshaw's note. *Id*. at *11–15. Because the district

judge's ground for absolving Casper also would absolve Atchison, even if he did receive Horshaw's note, we start there.

*Farmer* holds that liability for failure to prevent one prisoner's attack on another depends on proof that there was an objectively serious threat of which the defendant was subjectively aware (or to which the defendant was deliberately indifferent). 511 U.S. at 845–47. On the district court's understanding, liability will be almost impossible, for prisoners do not threaten each other with the level of detail the judge demanded. Agatha Christie's *A Murder Is Announced* (1950) occupies a rare place in crime fiction because the murderer advertised a time and location for the crime (leading everyone in the village to think that the announcement concerned a game rather than an impending death). Prisoners not trying to emulate a master storyteller omit these details—which may be unknown to the tipster, may need to be concealed to prevent the gang from recognizing the tipster and beating him too, or may be unavailable (if, for example, the gang had decided to attack Horshaw but not yet decided where and when). Prisoners do not need "advance knowledge of every detail of a future assault" to show that they faced a serious risk. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).

Wardens and guards know that prisoners may exaggerate or make things up to get attention or benefits. A guard who reasonably disbelieves a prisoner's assertion is not liable just because it turns out to have been true. See, e.g., *Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014); *Riccardo v. Rausch*, 375 F.3d 521, 526–28 (7th Cir. 2004). But Casper does not contend that he deemed the threat false or hollow. He does not say that it is the sort of thing prisoners send each

other but do not follow up on. Casper does not contend that Horshaw had cried "wolf" earlier and lost his credibility or that there was some other reason to doubt that the threat was serious. And Casper lacks the support of Warden Atchison, who testified by deposition that, if he had received a copy of the letter (or even Horshaw's note), he would have put Horshaw in protective custody immediately. Given these considerations, it is not possible to hold on summary judgment that the letter did not satisfy *Farmer*'s standard.

Now for Atchison. The district court wrote that the absence of a notation in his office files showing receipt of the note, plus his testimony that he does not remember receiving a note from Horshaw, means that the note was not delivered to him. Yet Horshaw testified that he wrote a note to Atchison, put Atchison's name on the envelope, and saw a guard collect the note for delivery. Placing the note in the prison mail system supports an inference of receipt. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Cf. *Hayes v. Potter*, 310 F.3d 979, 983 (7th Cir. 2002). Maybe Horshaw is lying or unable to remember accurately what happened, or maybe the guard who picked up the note threw it away—though the record contains evidence that this prison's internal-mail system functions consistently well. But maybe Atchison saw the note and forgot it, or maybe the staff is lying about what the prison's records show, or the records have been altered. A reasonable jury could resolve this conflict either way, which makes it inappropriate to grant summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Atchison pitches his defense entirely on a contention that he did not receive Horshaw's note. He does not contend that, as warden, he delegated to other officials the duty of

reviewing and responding to threats. See, e.g., *Miller's Estate v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Liability under §1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly. See, e.g., *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203–05 (7th Cir. 2012) (en banc). We held in *Vance* that a soldier cannot alter this rule by sending a letter of complaint directly to the Secretary of Defense. 701 F.3d at 204. But whether a given supervisor retained some operational responsibilities is a question of fact. Atchison's testimony that he would have transferred Horshaw to protective custody had he received the note implies that he made important operational decisions personally rather than referring complaints to the staff. If so, he could be directly liable under *Farmer*.

One final issue requires only brief discussion. The district court held that all defendants are entitled to qualified immunity, 2016 U.S. Dist. LEXIS 132393 at *19, and defendants ask us to accept that conclusion. But the district judge did not find that the law is uncertain. It is not; *Farmer* clearly establishes the governing rules. The judge found instead that, because the defendants are not liable at all, they also are entitled to immunity. That's a confusion. Immunity is appropriate when the law, as applied to the facts, would have left objectively reasonable officials in a state of uncertainty. See, e.g., *Kisela v. Hughes*, 138 S. Ct. 1148 (2018). The uncertainty in this case is factual. Did Casper or Atchison receive something from Horshaw?; what did the letter to Casper, or the note to Atchison, say?; could the defendants have kept Horshaw safe even if they tried? Atchison himself has told

us that, if he had received a note with the contents Horshaw describes, then he knew exactly what he was supposed to do: offer Horshaw protection. The factual disputes may be hard to resolve given the lapse of time and Horshaw's brain injury, but if he is right on the facts then neither Casper nor Atchison is entitled to immunity. (Uncertainty about the limits of supervisory liability after *Iqbal* and *Vance* might have supported an immunity defense, but, to repeat, Atchison has not made such an argument.)

The district court's judgment is vacated with respect to Casper and Atchison and affirmed with respect to the remaining defendants. The case is remanded for trial.