**DeWayne MOORE, Plaintiff–Appellant,**

v.

**James THIERET, Warden and Greg Knopp, Captain, Defendants–Appellees.**

No. 87–2064.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 4, 1988.

Decided Dec. 2, 1988.

Rehearing and Rehearing En Banc Denied Jan. 10, 1989.

---

James B. Roberts, South Ill. University Leg. Clinic, Carbondale, Ill., for plaintiff-appellant.

Ann Plunkett–Sheldon, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before POSNER, FLAUM and KANNE, Circuit Judges.

POSNER, Circuit Judge.

This is an appeal under 28 U.S.C. § 1292(a)(1) by DeWayne Moore, the plaintiff in a prisoner's rights case, from the denial of his motion for a preliminary injunction. The first and last question we consider is whether the appeal is moot.

. An inmate of Illinois' Menard prison, Moore brought this suit under 42 U.S.C. § 1983 against prison officials, charging that he was repeatedly assaulted by inmates who belonged to gangs and were acting in cahoots with prison staff. The suit seeks both damages and an injunction ordering the state prison system to transfer Moore to another prison, where he will be safer from attacks. The preliminary injunction he sought would have ordered the defendants to transfer him to another prison pending the disposition of this lawsuit.

While Moore's appeal from the denial of his motion for a preliminary injunction was pending before this court, the state transferred him to another prison, and now it asks us to dismiss his appeal as moot. Moore rejoins that he remains subject to the "whims" of the state's department of corrections, which can at any time send him back to Menard. In arguing that this possibility is enough to preserve a live controversy and avoid a finding of mootness, Moore relies primarily on *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980), which indeed is a factually similar case. Jones had challenged on due process grounds an order transferring him from a state prison to a state mental hospital, and while his suit was pending he was moved back to the prison. On the state's appeal from an order permanently enjoining the state from transferring Jones back to the mental hospital without a hearing, the Supreme Court held that the return of Jones to the prison before the district court had issued the injunction had not mooted the case. Since it was "not 'absolutely clear,' absent the injunction, 'that the alleged wrongful behavior could not reasonably be expected to recur,' " 445 U.S. at 487, 100 S.Ct. at 1260, quoting *United States v. Phosphate Export Ass'n,* 393 U.S. 199, 203,

89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968), the suit was not moot.

Nothing is "absolutely clear," but these words from *Phosphate* and *Vitek* must be read in conjunction with the additional words "could not *reasonably* be expected to recur," with the purpose of the doctrine of mootness, with later Supreme Court cases, notably *City of Los Angeles v. Lyons*, 461 U.S. 95, 109–10, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983), written by the author of *Vitek*, and with the procedural setting of the present case. The doctrine of mootness seeks to preserve the historic conception of the federal courts as agencies for the resolution of disputes on which something tangible—money, freedom, personal safety, reputation, etc.—something more than a desire, understandable as it is, for authoritative legal advice *or resolution of difficult and important questions of law*—turns. When the something tangible depends on events in the future, the court must estimate the likelihood that those events will occur. If the likelihood is small (it is never zero), the case is moot. See, e.g., *Commodity Futures Trading Comm'n v. Board of Trade*, 701 F.2d 653, 655 (7th Cir.1983); *United States v. Articles of Drug*, 818 F.2d 569, 573–74 (7th Cir.1987). In *Vitek*, the likelihood was not small; the plaintiff had been sent to the state mental hospital for treatment of a mental condition; he was likely to be sent again, when the condition again flared up. Cf. *Honig v. Doe*, ─ U.S. ─, 108 S.Ct. 592, 601–03, 98 L.Ed.2d 686 (1988). In *Lyons*, the plaintiff had been subjected to a chokehold by the Los Angeles police while being arrested. The Supreme Court decided that the likelihood that he would again find himself in a chokehold was too slight to support a suit for an injunction against the use of this device by the Los Angeles police to restrain arrested persons. The likelihood was not so small as the quotation from the *Phosphate* opinion seems to suggest is required in order to make a case moot, but this shows only that the quotation is not an accurate statement of the current law of mootness.

There is no indication why our plaintfff, Moore, was transferred from Menard, and no reason on the present record to suppose that he is likely to be sent back to Menard. We are not asked to dismiss the *suit* as moot (remember that Moore is asking not only for injunctive relief but also for damages for the outrages allegedly perpetrated upon him while he was in Menard), but only to dismiss the appeal from the denial of a preliminary injunction. If and when the state tries to return him to Menard, he can renew his motion for a preliminary injunction and appeal to us if the motion is again denied. Indeed, if he can demonstrate that he is likely to be retransferred, then, according to *Vitek*, he needn't wait for the retransfer but can ask the district judge for a preliminary injunction upon a showing that the injunctive phase of his suit remains alive. Such a showing was made not only in *Vitek* but also in *Withers v. Levine*, 615 F.2d 158, 161 (4th Cir.1980). It was not made here. Cf. *DeMallory v. Cullen*, 855 F.2d 442, 450 (7th Cir.1988) (dissenting opinion). The appeal is therefore

DISMISSED.