69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald R. WREN, Plaintiff-Appellant,
v.
George C. WELBORN and Linda Hoffman,
Defendants-Appellees.
 No. 94-2052.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 12, 1995.
Decided Oct. 26, 1995.
 
 Before POSNER, Chief Judge, and MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Ronald Wren appeals an adverse judgment denying him injunctive relief and monetary damages upon his claim that inspection of court mail outside his presence violates his constitutionally secured rights. We dismiss the appeal as partially moot, partially abandoned.
 
 I. Background
 
 2
 Ronald Wren was incarcerated at Menard Correctional Center ("Menard") when, on July 2, 1990, he sued the warden (Welborn) and the supervisor of the prison mail room (Hoffman), seeking to enjoin future inspection of his court mail outside his presence. Wren also sought monetary damages under 42 U.S.C. Sec. 1983 for the past opening of such mail. Wren was subsequently transferred out of Menard to another correctional facility in the Illinois Department of Corrections ("IDOC") system. On March 27, 1992, the district court denied as moot Wren's motion for a preliminary and permanent injunction because he was no longer housed at Menard. On April 5, 1994, the district court issued an order rejecting Wren's claims for monetary damages on the grounds that 1) his constitutional rights had not been violated, and 2) no evidence had been offered vesting either defendant with personal responsibility for the alleged constitutional violation. The district court then entered final judgment for the defendants. Wren filed a timely notice of appeal.
 
 
 3
 What Wren seeks on appeal has not been entirely clear. His appellate brief raised the issue of Sec. 1983 liability and sought, generally, reversal of the district court's decision. The brief also sought declaratory relief that the defendants, by carrying out the IDOC policy of inspecting court mail outside his presence, had violated Wren's constitutionally secured rights. Wren's reply brief stated that he "does not seek an award of damages; he seeks equitable relief." At oral argument Wren's counsel sought exclusively a declaration that the policy itself was unconstitutional. When queried, Wren's counsel stated emphatically "No" to whether Wren sought monetary damages. Counsel indicated Wren's broader concern for the constitutional issue, stating that he "elected to focus on the declaratory relief that he initially requested in his complaint." We view this as a waiver of Sec. 1983 monetary damages and an abandonment of Wren's appeal of the district court's denial of such damages. Arguments concerning liability for past violations therefore will not be considered by this Court. See United States v. Sleet, 54 F.3d 303, 310 n. 4 (7th Cir.1995) (court did not consider claim abandoned at oral argument); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321, 323 (6th Cir.1967) (court explicitly declined to consider contention that statute was invalid where contention was abandoned at oral argument). We focus our attention, as directed, to the requested declaratory and injunctive relief.
 
 II. Discussion
 A. Mootness Doctrine
 
 4
 Perhaps because Wren originally sought Sec. 1983 monetary damages as well as injunctive relief, he named the warden and mail room supervisor as defendants. He failed to name as defendants authorities with control over mail handling policy in the prison system statewide. Once Wren was transferred, neither the warden nor the mail room supervisor at Menard exercised any control over his mail. Thus, any order to the defendants to refrain from opening Wren's mail would have no effect.
 
 
 5
 Article III of the United States Constitution limits this court's jurisdiction to actual, ongoing cases or controversies. U.S. Const. art. III, Sec. 2; Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990). This requirement extends throughout the pendency of an action, not just at the time of filing. Id. Jordan By and Through Jones v. Indiana High School Athletic Ass'n, Inc., 16 F.3d 785, 787 (7th Cir.1994). This court is limited to deciding actual controversies by a judgment that can be carried out and not to providing opinions upon moot questions or abstract propositions. Lewis v. Continental Bank Corp., 494 U.S. 477-478. Absent an actual live controversy, a case is moot and must be dismissed as non-justiciable. Id.
 
 
 6
 Welborn and Hoffman no longer have control over Wren or his mail. Because Wren did not name any other person or entity as a defendant, this court's authority ceases with his relocation. This court can only entertain suits seeking injunctive relief where the proper defendant, to whom the court can direct an order, has been named and provided an opportunity to present a defense. Judge Learned Hand eloquently expressed the essential rule regarding injunctive relief:
 
 
 7
 [N]o court can make a decree which will bind anyone but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court.
 
 
 8
 Alemite Mfg. Corporation v. Staff, 42 F.2d 832, 832-33 (2d Cir.1930); see also Herrlein v. Kanakis, 526 F.2d 252, 253-254 (7th Cir.1975).
 
 B. Exception to Mootness Doctrine
 
 9
 At oral argument, counsel for Wren sought to rescue the suit by arguing that Wren's situation fell into an exception to the mootness doctrine: wrongs capable of repetition yet evading review. This is not such an exception.
 
 
 10
 To fall within the capable of repetition yet evading review exception, the injury must be of a type likely to happen again to the same complaining party, and the injury must be of inherently limited duration. Weinstein v. Bradford, 423 U.S. 147, 149 (1975). While it is possible Mr. Welborn and Ms. Hoffman are opening other prisoner's mail even as we consider this matter, in order for the case to survive through this exception they must be reasonably likely to again be opening Wren's mail. And while Wren might conceivably again find himself incarcerated at Menard, such a prospect remains merely speculative at this point. Unlikely future events do not breathe life into this exception to the Constitutional requirement for a case or controversy. Moore v. Thieret, 862 F.2d 148, 150 (7th Cir.1988). Furthermore, the exception requires a violation of limited duration. Wren alleges the IDOC policy of inspecting court mail is ongoing and continuous.
 
 
 11
 While the policy could be challenged by a properly pleaded lawsuit, we do not have that here. This case named the wrong defendants against whom to seek the requested injunctive relief. Absent the correct defendants the case in moot and nonjusticiable.
 
 III. Conclusion
 
 12
 Because Wren abandoned his appeal of the district court's denial of Sec. 1983 monetary damages, we are left only with Wren's request for injunctive and declaratory relief. This we cannot consider, as the issues are moot. Accordingly we DISMISS as moot the appeal of the district court's denial of declaratory and injunctive relief. We DISMISS as abandoned and waived any appeal of the district court's denial of monetary damages.