76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eddie L. FRANKLIN and Thomas L. Bates, Plaintiffs-Appellants,
v.
Warden Page TRUE, Defendant-Appellee.
 No. 94-3484.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 30, 1996.
 
 Before BAUER, COFFEY, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Eddie Franklin and Thomas Bates, federal prisoners acting pro se, filed a Bivens action against Warden Page True of the Metropolitan Correctional Center in Chicago ("MCC"), seeking monetary and injunctive relief.[1] Plaintiffs were confined at the MCC pending trial. They allege that Warden True violated their due process and equal protection rights when he placed them in administrative segregation, and that the conditions of their segregated confinement constituted cruel and unusual punishment, denied them access to the courts, and deprived them of the right to worship freely. The district court found that plaintiffs' constitutional rights were not violated, and granted summary judgment in favor Warden True. We affirm.
 
 
 2
 Plaintiffs first argue that they were placed in administrative segregation without due process of law. We disagree. The Constitution creates no liberty interest in remaining in the general prison population. Sandin v. Conner, 115 S.Ct. 2293, 2298 (1995); Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991). Neither, under the methodology of Sandin, does the regulation giving federal wardens authority to place inmates in administrative segregation, 28 C.F.R. § 541.22, create a constitutionally protected liberty interest. Crowder v. True, No. 94-1559, Slip op. at 4-5 (7th Cir. Jan. 24, 1996).
 
 
 3
 Plaintiffs next contend that because they were placed in administrative segregation as pre-trial detainees on the strength of information in their indictments, the segregation not only constituted impermissible punishment without trial, but also violated their constitutional right not to be punished twice for the same offense.[2] We disagree. First, plaintiffs were subjected to administrative rather than disciplinary detention. 28 C.F.R. § 541.22. And while "[p]unitive and remedial interests ... are nowhere so tightly intertwined as in the prison setting," the purpose of administrative detention clearly is to preserve internal order and maintain institutional security by "prevent[ing] violent altercations among a population of criminals." United States v. Hernandez-Fundora, 58 F.3d 802, 806 (2d Cir.), cert. denied, 115 S.Ct. 2288 (1995). Consequently, although the restrictive conditions of such segregation undoubtedly make confinement less comfortable for the inmates affected, it does not constitute impermissible punishment before trial. See United States v. Salerno, 481 U.S. 739, 746-48 (1987); Hernandez-Fundora, 58 F.3d at 806-07. Second, even where segregation has the effect of "punishing" individuals, it implicates the double jeopardy clause only where "grossly disproportionate to the government's interest in maintaining prison order and discipline." Id. at 807 (no distinction of constitutional significance between administrative detention pursuant to § 541.22 and disciplinary detention pursuant to 28 C.F.R. § 541.21). That is not this case.
 
 
 4
 Plaintiffs limit the appeal of their Eighth Amendment claim to conclusory charges that they were wrongly deprived of outdoor exercise, and that the food was so unsanitary that inmate Bates contracted food poisoning. Neither allegation shows the deliberate indifference necessary for conditions-of-confinement claims. See Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) (deprivation of outdoor exercise does not raise a constitutional issue); George v. King, 837 F.2d 705, 707 (7th Cir.1988) (one incident of unintended food poisoning does not violate the constitutional rights of affected inmates).
 
 
 5
 The Equal Protection claim is similarly infirm. Plaintiffs contend they were wrongly segregated on the basis of their classification as gang members. "Where neither an invidious classification nor a deprivation of a fundamental interest is alleged, the equal protection clause requires only that the classification bear some rational relationship to legitimate governmental ends." Brown v. City of Lake Geneva, 919 F.2d 1299, 1302 (7th Cir.1990). Plaintiffs have not shown that the class of prisoners with perceived gang affiliations should receive heightened scrutiny. Because placing gang-members with a history of violence in non-punitive administrative segregation is consonant with the government's interest in maintaining order within the prison system, the Equal Protection claim must fail.
 
 
 6
 Finally, because plaintiffs are no longer housed at the MCC, the district court correctly dismissed as moot their claim for injunctive relief. Moore v. Thierat, 862 F.2d 148, 150 (7th Cir.1988). Plaintiffs develop no appellate argument supporting their other claims. Accordingly, we deem these claims abandoned on appeal. John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 498 U.S. 821 (1990); Fed.R.App.P. 28.
 
 
 7
 No violation of plaintiffs' constitutional rights occurred. The decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiffs-Appellants filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Plaintiffs continue to insist they have a cause of action under 42 U.S.C. § 1983, on grounds that Warden True was a state actor by virtue of the Tenth Amendment. This argument is nonsense. Because Warden True is a federal official acting under color of federal law, the district court correctly treated the instant case as an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Plaintiffs were tried and convicted of the offenses for which they were indicted. Both are serving life sentences at the federal prison in Terre Haute, Indiana