107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George v. LESURE, Plaintiff-Appellant,
v.
Howard PETERS III[1], et al., Defendants-Appellees.
 No. 96-1272.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Feb. 07, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 George Lesure was convicted of aggravated criminal sexual assault and was sentenced to eighteen years in prison. In September 1991, he was housed at Menard Correctional Center ("Menard"). He brought this action alleging that the defendant prison officials had violated his Eighth Amednment rights. At the evidentiary hearing on his claim,[2] Mr. Lesure testified that, soon after he arrived at Menard, he was harassed by gang members who attempted to persuade him to join their gang. Mr. Lesure declined to join and became fearful of bodily harm. When he told a prison guard that he feared attack, he was placed in protective custody at Menard. He still felt threatened and was moved to a different cell house and finally was moved to "kickout".[3] While in "kickout", Mr. Lesure sent letters in November 1991 to the defendants Diane Jockisch, the Department of Corrections transfer coordinator, and George Welborn, then warden of Menard, informing them of his fear of attack and requesting a transfer.[4] Mr. Lesure was not transferred. However, Ms. Jockisch responded to Mr. Lesure's request and informed him that all transfers had to be initiated at the institutional level, and that, after a review of his file, no transfer documents from Menard were found. She stated in one of her letters, however, that she would alert the proper personnel at Menard of Mr. Lesure's fears for their review and consideration. Mr. Welborn informed Mr. Lesure that he was forwarding Mr. Lesure's correspondence to the unit supervisor at Menard for ultimate action by Mr. Lesure's counselor.
 
 
 2
 Sometime in January 1992, Mr. Lesure was placed in a cell with Horace Griffin, a member of the Disciples gang.[5] Mr. Lesure had no significant problems with Mr. Griffin until February 22, 1992,[6] when a guard opened the cell so that Mr. Lesure could report for work. After the guard walked away, Mr. Griffin slammed the door closed and dragged Mr. Lesure from the upper cell bunk and began to beat him. Mr. Lesure suffered a bloody nose and soreness in his back. In October 1992 Mr. Lesure filed a claim pursuant to 42 U.S.C. § 1983 asserting that the defendants had violated his rights under the Eighth Amendment and seeking damages of $50,000 annually for the rest of his life as well as punitive damages of $25,000.[7]
 
 
 3
 The magistrate judge held that, although prison officials have a duty to protect prisoners from violence from other inmates under Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (citations omitted), Mr. Lesure failed to demonstrate "deliberate indifference" to his health or safety on the part of the prison officials as is required for a violation of the Eighth Amendment. Id. at 834. After conducting a de novo review of magistrate judge's proposed findings of fact and conclusions of law, the district court adopted them in their entirety.[8]
 
 
 4
 Mr. Lesure does not directly appeal the merits of his claim. Mr. Lesure's first two arguments are based on federal pleading requirements and are misplaced because this case was not decided on the pleadings. Mr. Lesure first claims that the district court applied an erroneous legal standard in evaluating his claims because the district court "took issue with Plaintiff's complaint as wholly conclusory allegations and failure [sic] to allege facts upon which relief may be granted". Pl. Opening Br. at 4. This claim lacks merit as this case was not decided solely on the pleadings. The magistrate judge held an evidentiary hearing during which Mr. Lesure was questioned by the court and was permitted to offer testimony and evidence regarding his claim. For the same reason, we cannot accept Mr. Lesure's claim that the district court erred in applying a heightened pleading standard and that his claims need not have been pleaded with particularity. Indeed, the defendants filed a motion for a more definite statement pursuant to Fed.R. of Civ.P. 12(e) and the magistrate judge denied it because Mr. Lesure adequately responded to the motion.
 
 
 5
 Finally, Mr. Lesure asserts that the district court abused its discretion in denying his motion for an appointment of counsel. We review the denial of a motion to appoint counsel for an abuse of discretion. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995) (citation omitted). "There is no constitutional or for that matter statutory right to counsel in federal civil cases--only a statute that authorizes the district judge to request, but not to compel, a lawyer to represent an indigent civil litigant." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.1993) (citations omitted). Further, under Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir.1992), an indigent party must, as a threshold matter, make a reasonable attempt to secure counsel, and if he does not the district court should deny outright the request. Here, Mr. Lesure's motions contain no indication that he attempted to secure counsel prior to filing the motions nor that he was precluded from doing so. Thus the magistrate judge's refusal to appoint counsel was proper.
 
 
 6
 Even if Mr. Lesure could show that his atatus as an inmate prevented him from retaining counsel, the magistrate judge's denial was not an abuse of discretion. The presence of counsel would not have changed the outcome of the case. Farmer, 990 F.2d at 322. (stating that in assessing the reasonableness of the district court's denial of appointment of counsel, this court asks whether given the difficulty of the case, the plaintiff appeared to be competent to try the case himself, and if not, whether the presence of counsel have made a difference in the outcome).[9] The facts and the law involved were not complex and the transcript of the evidentiary hearing indicates that Mr. Lesure understood the claim he was making, that he answered most of the court's questions completely and coherently and that he was able to submit documentary evidence in support of his claim. Further, he adequately responded to the government's motion for a more definite statement and successfully argued a motion to compel discovery. As appointing counsel would not have changed the outcome, the refusal to appoint counsel was not an abuse of discretion.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Mr. Lesure asserts claims against the defendants in their personal rather than official capacity and thus substitution of the names of the new officials is unnecessary
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The case was assigned to be heard by a magistrate judge pursuant to McCarthy v. Bronson, 500 U.S. 136 (1991), and 28 U.S.C. § 636(b)(1)(B)
 
 
 [3]
 According to Mr. Lesure, "kickout" is not protective custody but a prisoner in "kickout" is still segregated form the general prison population
 
 
 [4]
 Mr. Lesure received an order from Judge Patrick Fleming in the Twentieth Judicial District, St. Clair County, on November 10, 1991, stating that Mr. Lesure was being threatened with physical assault and should be transferred to a medium security prison. Mr. Lesure included a copy of this order in letters to Diane Jockisch and George Welborn, received by each individual on November 18, 1991, requesting a transfer to a medium security prison
 
 
 [5]
 Mr. Lesure testified that he was unsure of whether it was the Gangster Disciples or the Devil Disciples
 
 
 [6]
 Mr. Lesure testified that when he first moved into the cell, Mr. Griffin informed him that he was a Disciple and that he had heard about Mr. Lesure. Mr. Lesure stated that he told one of the officers that Mr. Griffin intended to harm him, but that the officer told him to move in there anyway. On February 3, 1992, Mr. Lesure wrote to his counselor stating that he was having problems with Mr. Griffin because Mr. Griffin believed that Mr. Lesure was placed in the cell to spy on him
 
 
 [7]
 Mr. Lesure also sought injunctive relief in the form of transfer to a medium security prison. However, he was transferred to the Western Illinois Correctional Center on or around January 1993. This claim is now moot. Higgason v. Farley, 83 F.3d 807, 811 (7th Cir.1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be reinstated.' ") (quoting Moore v. Thieret, 862 F.2d 148, 150 (7th Cir.1988))
 
 
 [8]
 On November 6, 1992, Mr. Lesure moved for appointment of counsel asserting that he was unable to afford counsel, and that the ends of justice would best be served by appointing counsel due to the facts that he was not versed in the law and the issues involved were complex. Magistrate Judge Frazier denied Mr. Lesure's Motion for Appointment of Counsel on June 4, 1993, stating that Mr. Lesure had not made reasonable attempts to retain counsel, the facts and issues were not so complex as to require counsel, and the merits of Mr. Lesure's claim were questionable. Mr. Lesure filed another Motion for Appointment of Counsel on June 7, 1993 which was again denied by the magistrate judge on June 11, 1993 for the same reasons articulated in his earlier order. Mr. Lesure also appeals the denial of his motion to appoint counsel
 
 
 [9]
 Mr. Lesure filed two motions for an appointment of counsel, one before the Farmer decision and one after, although the second motion did not cite Farmer. Although the magistrate judge relied on the five factors articulated in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981) (per curiam), and rejected in Farmer, the result under Farmer would have been the same