**Eric D. SMITH, Aka Eric Danchi, Plaintiff,**

v.

**CARRASCO, D. Miller, and Edward L. Cohn, Defendants.**

No. 3:04–CV–0010 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 3, 2004.

Eric D. Smith, Michigan City, IN, pro se.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Eric Smith, a prisoner confined at the Maximum Control Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC") officials violated his federally protected rights while he was confined at the Indiana State Prison ("ISP"). The defendants are former IDOC Commissioner Ed Cohn and ISP officials D. Miller and Sergeant Carrasco. Mr. Smith alleges that on August 1, 2003, D. Miller took anarchist pamphlets from him and that on August 4, 2003, he received a confiscation notice from Sgt. Carrasco, formally advising him that these materials had been confiscated. Mr. Smith also asks the court to take supplementary jurisdiction over claims that the defendants violated provisions of the Indiana Constitution. This case is now before the court on Mr. Smith's amended complaint, filed pursuant to Fed.R.Civ.P. 15(A).

█ Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir.2000).

A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001) (citations, quotation marks and ellipsis omitted).

█ The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a) provides that prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir.1999). A prisoner who does not take a timely administrative appeal of a grievance denial has not exhausted his administrative remedies for purposes of § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir.2002). "§ 1997e applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir.2002), *quoting Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983,

152 L.Ed.2d 12 (2002). "Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 536 (7th Cir.1999).

Mr. Smith initiated grievances concerning the confiscation of his anarchist materials, but it is not clear from the amended complaint whether he completed all steps of the IDOC grievance program. For the purpose of this memorandum, the court will presume that Mr. Smith has exhausted his administrative remedies. If the defendants wish to pursue failure to exhaust an available administrative remedy as an affirmative defense, they may file a dispositive motion addressing that claim.

■ Mr. Smith brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

### CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF

■ This court may not entertain Mr. Smith's request for injunctive and declaratory relief on his state law claims. "A federal court's grant of relief against state officials on the basis of state law, ... does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). To require Indiana officials to conform their conduct to Indiana law, Mr. Smith must look to his state court remedies.

■ Mr. Smith seeks injunctive and declaratory relief on his federal constitutional claims. But he has been transferred from the Indiana State Prison, where the incidents he complains of occurred, to the Maximum Control Facility. If a prisoner is transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1996), *quoting Moore v. Thieret,* 862 F.2d 148, 150 (7th Cir.1988). Mr. Smith's transfer from the Indiana State Prison to the Maximum Control Facility renders any claims for injunctive relief moot. *O'Shea v. Littleton,* 414 U.S. 488, 495, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Martin v. Davies,* 917 F.2d 336, 339 (7th Cir.1990), *cert. denied* 501 U.S. 1208, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991); *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1996). A prisoner's transfer from one institution to another also renders his claims for declaratory relief moot. *Higgason v. Farley,* 83 F.3d at 811, *citing Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (applying the capable-of-repetition doctrine without discrimination between claims for declaratory relief and claims for injunctive relief).

### SUPPLEMENTAL STATE LAW CLAIMS

■ Mr. Smith alleges that the defendants' actions violated rights protected by

Article I §§ 9 and 11 of Indiana's Constitution, and asks the court to assume supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. Section 1367, which codified the pendent jurisdiction doctrine, provides that federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may, however, decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

Under the federal system, federal courts do not interpret state constitutions, though they may apply settled interpretations of a state constitution established by state courts. Mr. Smith is asserting state constitutional claims as they apply to convicted prisoners, on which there is apparently no state created precedent. "Retaining this claim may require the Court to embark on an interpretation of Indiana's Constitution virtually unguided by state court precedent. As a matter of comity whether the acts in question violate Indiana's Constitution are best left to the province of Indiana's state court judges." *Linnemeier v. Indiana University—Purdue University Fort Wayne*, 155 F.Supp.2d 1044, 1056 (N.D.Ind.2001). Pursuant to 28 U.S.C. § 1367(c)(1), this court will decline to exercise supplemental jurisdiction over Mr. Smith's Indiana constitutional claims, and will dismiss those claims without prejudice to his right to bring them in state court.

### CLAIMS AGAINST FORMER COMMISSIONER COHN

■ Mr. Smith alleges that defendants Carrasco and Miller made decisions that violated his federally protected rights, acting under IDOC Rule B–246. He alleges that former IDOC Commissioner Ed Cohn violated his Constitutional rights "by creating a rule that was vague without caring

if such vague rule would be abused by prison officials and others that would result in the violation of plaintiff's rights." (Amended complaint at p. 11).

■ Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir.1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir.1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for a subordinate's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir.1993).

Mr. Smith does not allege that former Commissioner Cohn had any direct personal involvement in the events he alleged violated his Constitutional rights. Indeed, Mr. Cohn left state employment several years before defendants Carrasco and Miller confiscated Mr. Smith's materials. That former Commissioner Cohn may have promulgated a rule Mr. Smith believes was subsequently misinterpreted by defendants Carrasco and Miller is not a sufficient ground to allow Mr. Smith to proceed against him for damages in this action.

### Claims Against Defendants Carrasco and Miller

■ Mr. Smith asserts that he is interested in the anarchist philosophy and was attempting to write a book "entitled 'A' for Anarchy, which explored the ideologies and theories of Anarchism." (Amended complaint at p. 3). Mr. Smith states that

he took documents he was using as source material for the book to defendant Miller to be notarized. Instead, Mr. Miller forwarded these documents to Sergeant Carrasco, who confiscated—and eventually destroyed—them. Mr. Smith asserts that these documents were not "violent, offensive, intimidating, graphic or obscene," (Amended complaint at p. 6), and that there was no valid justification for confiscating them.

■ Mr. Smith alleges that defendant Miller and Carrasco's confiscation of his anarchist materials, pursuant to IDOC Rule B–246 violated the First Amendment. "When a prison regulation restricts a prisoner's First Amendment right to free speech, it is valid only if it is reasonably related to legitimate penological interests." *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir.2004), *citing Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). "Prison officials violate the First Amendment when for reasons unrelated to legitimate penological interests they engage in 'censorship of ... expression of 'inflammatory political, racial, religious or other views' and matter deemed 'defamatory' or otherwise inappropriate.'" *Id.* at 658, *quoting Procunier v. Martinez*, 416 U.S. 396, 415, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

When reviewing a prison regulation, or prison officials' actions pursuant to a regulation, the court is to consider four factors set forth in *Turner v. Safley*. *Lindell v. Frank*, 377 F.3d at 657. In *Lindell*, the Seventh Circuit held that a district court should not presume that prison officials had justification for confiscating political material pursuant to a prison regulation, and that it was inappropriate to dismiss the prisoner plaintiff's First Amendment claim regarding confiscation of political material pursuant to 28 U.S.C. § 1915A. *Lindell v. Frank*, 377 F.3d at 658. Giving Mr. Smith the benefit of the inferences to

which he is entitled a the pleadings stage, this court cannot say that he can prove no set of set of facts consistent with his First Amendment claim against defendants Carrasco and Miller.

■ Mr. Smith alleges that defendant Miller and Carrasco's confiscation of his anarchist materials also violated the Constitution's Fourth Amendment. But the Fourth Amendment, which prohibits unreasonable searches and seizures, has very limited application to events occurring in prisons or jails. See *Bell v. Wolfish*, 441 U.S. 520, 558–60, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and *Bruscino v. Carlson*, 854 F.2d 162 (7th Cir.1988). The Supreme Court has refused to recognize any subjective expectation of privacy that a prisoner might have, even within his own cell. Accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within a prison. *Hudson v. Palmer*, 468 U.S. 517, 525–6, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Recognizing "privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Id.* at 526, 104 S.Ct. 3194, Nothing in Mr. Smith's amended complaint implicates the Fourth Amendment.

■ Mr. Smith further alleges that the confiscation of his anarchist materials violated the Constitution's Eighth Amendment "because the plaintiff was injured by not being able to write and finish his book, which caused him fear and severe mental anguish." (Amended complaint at p. 8) A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference"

to the deprivation. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

The Eighth Amendment protects against too rigorous conditions of confinement. Mr. Smith's claim that the defendants' confiscation of his anarchist materials prevented him from writing a book states no Eighth Amendment claim upon which relief can be granted. Moreover, because Mr. Smith alleges no actual physical injury from the defendants' actions, he may not seek damages for mental or emotional injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

 Mr. Smith asserts that the confiscation of his anarchist materials violated the Fourteenth Amendment's equal protection clause because other prisoners with similar political materials have been treated differently at the ISP under Rule B–246. The guarantee of equal protection is a right to be free from intentional and arbitrary discrimination, whether occasioned by express terms of a statute or rule or by the improper execution of a statute or rule. *See Village of Willowbrook,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Giving Mr. Smith the benefit of the inferences to which he is entitled at the pleadings stage, this court cannot say that he can prove no set of set of facts consistent with his equal protection claim against these defendants.

 Mr. Smith alleges that the confiscation and eventual destruction of his anarchist materials deprived him of property without due process of law. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The Indiana tort claims act, Ind.Code § 34–13–3, provides a sufficient remedy for loss of personal property. *Hossman v. Spradlin,* 812 F.2d 1019, 1023 (7th Cir.1987). Since Indiana provides an adequate remedy for the illegal deprivation of property, by prison officials, the property loss alleged by Mr. Smith states no claim upon which relief can be granted under § 1983. Any claim that the defendants intentionally or negligently destroyed his pamphlets should be brought in state court.

### Conclusion

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Carrasco and Miller in their personal capacities for damages on his claims that they violated his First Amendment rights and his Fourteenth Amendment equal protection rights by confiscating anarchist literature from him;

(2) **DISMISSES,** pursuant to 28 U.S.C. § 1915A, defendant Ed Cohn, and all other claims presented in the plaintiff's amended complaint. The dismissal of the plaintiff's claims arising under Indiana's constitution and his state law tort claim for destruction of his property is without prejudice;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Carrasco and Miller respond to the First Amendment claim and the Fourteenth Amendment equal protection claim presented in the amended complaint as pro-

vided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Carrasco and Miller, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint.

**IT IS SO ORDERED.**