NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3, 2010[*]
Decided March 10, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3326

| | |
|---|---|
| DARREN D'WAYNE MORRIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-C-295 |
| PHILLIP A. KINGSTON, et al. *Defendants-Appellees.* | Rudolph T. Randa, *Judge.* |

## O R D E R

Darren D'Wayne Morris sued a number of prison officials, claiming that he missed meals, showers, and recreation time because his hearing disability prevented

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

him from complying with prison rules. The district court granted summary judgment for the defendants. We affirm.

The facts are uncontested. Morris is a Wisconsin prisoner who was housed in the segregation unit at the Waupun Correctional Institution in August 2006. (He was transferred to Columbia Correctional Institution in October 2006.) Prisoners in segregation at Waupun were alerted to receive their meals, showers, and other essentials by an audio tone sounded over the intercom. If a prisoner did not stand at his cell door when the tone sounded, prison officials assumed that he was refusing the meal or shower. Because Morris suffered from hearing loss in both ears, and at the time had only one functional hearing aid, he could not always hear the tone; he says he missed out on 17 meals between August 4 and August 27. He also sometimes missed showers and recreation, and on eight occasions was not given his medication. (Morris took three prescriptions to treat depression, psychosis, and a fungal infection on his foot.) Morris alerted prison officials numerous times that he had a hearing impairment, requesting a placard for his door so that he would not miss meals or medication. A placard was placed on his door on August 21, though he continued to miss a few meals after that date.

Morris sued for damages and injunctive relief under the Eighth and Fourteenth Amendments and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134. He claimed that the defendants knew about his disability but deliberately disregarded his needs by passing him over for meals and medication. Morris also claimed that the prison's policy requiring him to respond to an audio cue in order to get essential needs violated the ADA, which prohibits discrimination in the provision of public services. 42 U.S.C. § 12132; *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006). He sought damages under the ADA for deprivation of food and medicine, and injunctive relief requiring Waupun to redesign lunchroom facilities to ensure that those with hearing disabilities would be safe even though they could not respond to an audible alarm.

The district court granted summary judgment to the defendants. The court concluded that missing a few meals and doses of medicine did not so seriously deprive Morris as to violate the Eighth Amendment. Moreover, the court concluded that Morris had not established that the defendants were deliberately indifferent to his needs for food and medicine, and that the prison officials were at most negligent. As for the ADA claims, the court concluded that his request for injunctive relief was mooted by his transfer from Waupun, and that his failure to make out an Eighth Amendment claim

doomed his request for damages, which are available under Title II only for constitutional violations.

On appeal, Morris contends that the district court improperly granted summary judgment for the defendants. He maintains that a genuine issue exists concerning how seriously he was affected by missing food and medicine. He also contends that his request for injunctive relief was not moot because, as a prisoner serving a life sentence, he is likely to be transferred back to Waupun at some later point.

The Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). To establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm. *Farmer*, 511 U.S. at 834; *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). This requires that prison officials knew about a substantial risk of harm to the inmate and refused to act to prevent that harm. *Farmer*, 511 U.S. at 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Mere negligence—even gross negligence—does not violate the Constitution. *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

Morris argues that his weight loss while in segregation belies the district court's conclusion that he suffered no serious harm. But as the district court noted, he was examined five times by medical staff during his 24-day stay in segregation, and the staff noted no serious medical problem related to weight loss or otherwise caused by missing food or medicine. Whether or not the 17-day delay in placing the placard outside his cell suggests a failure to provide adequate care, Morris cannot establish a constitutional violation because he has not shown that missing his meals or medicine caused serious harm or lasting detriment. *See Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006) (concluding that even a 45-pound weight loss would not support a claim without evidence of serious suffering or lasting harm); *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003) (upholding jury's finding that missing one week of HIV medication did not cause serious injury); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811-12 (7th Cir. 2000) (concluding that missing some doses of medicine was not a constitutional violation without showing of serious harm).

As for his ADA claims, although Morris correctly notes that Title II applies to prisoners, *see Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Stanley v. Litscher*, 213

F.3d 340, 343 (7th Cir. 2000), the district court correctly rejected his request for injunctive relief. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Morris was transferred to Columbia in October 2006, and he needed to provide more than just his conjecture of a possible return to Waupun to stave off dismissal for mootness. *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975); *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988).

But his claim for damages based on past conduct is not mooted by his transfer. *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). The district court correctly recognized that Title II creates a private cause of action for damages against states for conduct that violates the Fourteenth Amendment, and so Title II abrogates state sovereign immunity at least for those claims that independently violate the Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006); *Toeller v. Wis. Dep't of Corr.*, 461 F.3d 871, 874 (7th Cir. 2006). As the district court properly stated, though, Morris's inability to establish an Eighth Amendment claim forecloses this avenue for relief.

But the district court did not note that in *Georgia* the Court left open the question whether the ADA could validly abrogate sovereign immunity for *non-constitutional* violations. 546 U.S. at 159. In reserving this question, the Court instructed lower courts to determine in the first instance, claim by claim, whether Congress's purported abrogation of sovereign immunity is valid when the challenged conduct violates the ADA but not the Constitution. *Georgia*, 546 U.S. at 159.

But Title II only provides for damages if a public official *intentionally* discriminates because of disability. *See Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross*, 486 F.3d 267, 278 (7th Cir. 2007); *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002); *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002). And Morris has not shown that any discrimination he suffered was intentional. Prison officials initially subjected him to their policy requiring prisoners in segregation to respond to an audio cue. But Morris's complaints about not being able to hear the audio cue were heeded by the prison administrators, who placed a placard outside his cell to alert guards that he had a hearing disability, and the administrators followed up by sending the guards a memorandum regarding his condition. The fix was simple, low-cost, low-tech, and effective to boot—within days Morris stopped missing meals. One wonders why then it took seventeen days to implement. Prison officials' initial failure to accommodate Morris's disability might at worst constitute negligence, but negligence

alone cannot support a Title II claim.  *See, e.g.*, *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001) (concluding that bureaucratic negligence would not establish intentional discrimination).  Because Morris presented no evidence to support a damages claim under the ADA for intentional discrimination, we need not reach the question whether the ADA validly abrogates Wisconsin's sovereign immunity.

**AFFIRMED.**