**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4404
_____

BRIAN EDWARD GRIFFIN,

Appellant

v.

JEFFREY BEARD; RAYMOND LAWLER;
C. WAKEFIELD; TIMOTHY YUTZY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-01120)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2010

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 17, 2010)

_____

OPINION
_____

PER CURIAM

Brian Edward Griffin appeals pro se from the final order of the District Court.  For

1

the following reasons, we will vacate in part and remand with an instruction to dismiss Griffin's complaint in relevant part as moot. We will otherwise affirm.

I.

Griffin is a Pennsylvania state prisoner formerly incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). In 2008, he filed pro se a civil rights complaint alleging that certain conditions at SCI-Huntingdon constituted cruel and unusual punishment in violation of the Eighth Amendment. In particular, he alleged inadequate ventilation in the prison cells, exposure to extreme heat and cold, rodent infestation, and prison overcrowding, all of which he claimed increases the risk of infectious diseases. He also alleged that he had been exposed in the outdoor prison yard to coal smoke from a prison smokestack. He named as defendants the Secretary of the Pennsylvania Department of Corrections, the prison Superintendent and Safety Manager, and another corrections officer involved in the grievance process. As relief, he requested monetary damages for a risk of future health problems, a declaratory judgment, and an injunction requiring the defendants to correct the alleged conditions.

The defendants filed a motion to dismiss the complaint under Rule 12(b)(6), which the District Court denied. Discovery entailed substantial motions practice, and the District Court granted certain of Griffin's discovery motions but denied others. Griffin also filed a motion for the appointment of counsel, which the District Court denied. The District Court also denied defendants' request to file a motion for summary judgment. It

2

ultimately conducted a bench trial, at which Griffin called four fellow inmates as witnesses and testified himself. At the close of Griffin's case, the defendants moved for judgment on partial findings under Rule 52(c), and the District Court granted the motion and entered judgment in their favor on October 21, 2009. Griffin appeals.[1] While this appeal was pending, Griffin was transferred from SCI-Huntingdon to another prison.

## II.

Griffin challenges a number of the District Court's rulings and raises a number of issues on review, but his transfer to a different prison has rendered most of them moot. "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (citing Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993)). Griffin argues that such claims in this case are not moot because the conditions he complains of are capable of repetition but evade review.

We disagree. That limited exception to the mootness doctrine applies only when "'(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again.'" Abdul-Akbar, 4 F.3d at 206 (citation omitted) (emphasis in Abdul-Akbar). Neither of these elements is present here.

---

[1] Griffin also filed a motion for a new trial, which the District Court later denied, but he has not separately appealed from that ruling and raises no issues regarding that ruling in his brief.

Griffin alleges persisting conditions that are not too short in duration to permit full litigation. There also is no indication that he is reasonably likely to be transferred back to SCI-Huntingdon. Griffin argues that he has been transferred there three times before, but the record does not reveal the reasons for his current or past transfers or any reason to suspect that he will be transferred to SCI-Huntingdon again. See Moore v. Thieret, 862 F.2d 148, 150 (7th Cir. 1989); Jerry v. Francisco, 632 F.2d 252, 255 (3d Cir. 1980). Thus, Griffin's claims for injunctive and declaratory relief are moot. Accordingly, we will vacate the District Court's judgment as to those claims and remand for the District Court to dismiss them on that basis. See Rendell v. Rumsfeld, 484 F.3d 236, 243 (3d Cir. 2007) (citing United States v. Munsingwear, 340 U.S. 36, 39 (1950)).[2]

Griffin's prison transfer, however, does not render moot his claim for monetary damages. See Sutton, 323 F.3d at 249. We thus have jurisdiction to review the District Court's judgment on that claim pursuant to 28 U.S.C. § 1291. In doing so, we review the District Court's findings of fact under Rule 52(c) for clear error and its legal conclusions de novo. See EBC, Inc. v. Clark Bldg. Sys., Inc., — F.3d —, No. 09-1182, 2010 WL 3239475, at *14 (3d Cir. Aug. 18, 2010). We review the denial of a motion for counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

Griffin's claim for damages is based solely on an alleged risk of future harm as a

_____

[2] This disposition means that the District Court's rulings as to these claims would not have preclusive effect on any claim for prospective relief that Griffin might assert if he is returned to SCI-Huntingdon in the future.

result of exposure to coal smoke in the prison yard.[3] The District Court entered judgment in favor of the defendants on this claim because, inter alia, Griffin presented no medical or scientific evidence that he faces a risk of future harm. Griffin argues that medical evidence was not necessary because it is common knowledge that exposure to coal smoke is dangerous. Even if that were the case, however, the only claim surviving Griffin's prison transfer is his claim for compensatory damages for a risk of future harm. That claim required him to present evidence that he actually faces such a risk. See Atkinson v. Taylor, 316 F.3d 257, 265 & n.6 (3d Cir. 2003) (explaining in environmental tobacco smoke case that if the prisoner "can produce evidence of future harm, he may be able to recover damages," and noting record medical evidence of future harm). We agree with the District Court that Griffin presented no such evidence here.

Griffin further argues that he was hampered in his ability to present his case because the District Court abused its discretion in denying his motion for counsel. We are indeed troubled by that ruling. Although the District Court cited the Tabron factors, it did not discuss Griffin's ability to gather and present scientific evidence (the lack of

---

[3] Griffin argues on appeal that he is entitled also to damages for past suffering under all the conditions he alleges. Griffin, however, asserted no such claim in the District Court. In his complaint, he expressly limited his claim for monetary damages to his "future health risk." (Compl. at 5 ¶ 1.) He did the same at his bench trial. (N.T., Oct. 21, 2009, at 66-67) ("[T]he civil suit is about future health. You can sue about future health. That's what the suit—the whole suit—read the complaint."); (id. at 79) ("The injury part, the civil suit was about future injuries.").

5

which it later held against him), or his potential difficulties with discovery (which already had surfaced when he moved for counsel and which proved to be protracted). See Montgomery v. Pinchak, 294 F.3d 492, 501-05 (3d Cir. 2002). The District Court also reasoned that "this court's liberal construction of pro se pleadings mitigates [sic] against the appointment of counsel." (Dist. Ct. Docket No. 58 at 3.) Leaving aside the fact that the pleading stage had concluded, this reasoning suggests that all motions for counsel (which by definition are filed by pro se litigants) inherently are "mitigated against." That reasoning conflicts with the framework we set forth in Tabron, and there is no support for it in our precedent.

Nevertheless, we cannot say that any abuse of discretion in this regard constitutes reversible error. See 28 U.S.C. § 2111. The primary reason for appointing counsel is to assist a litigant in litigating a potentially meritorious claim. See Tabron, 6 F.3d at 155-56. In this case, Griffin's alleged risk of future harm appears purely speculative and there is no indication that it is potentially meritorious even at this late stage.

Neither in his complaint nor at trial did Griffin provide any meaningful detail about his exposure to the coal smoke, such as its frequency or duration.[4] Nor has he specified how he believes such exposure will affect his health in the future. In that regard, he did not visit a prison doctor to address his concerns, which he did not require

---

[4] One of Griffin's witnesses testified that smoke blows into the prison yard "on a regular basis" (N.T. Oct. 21, 2009, at 25), but Griffin himself appears to have testified that it happened only twice (id. At 66).

6

counsel in order to do and which might have resulted in evidence on this issue. To the contrary, when asked at the bench trial whether he had any medical evidence to support this claim, he answered: "I have no medical evidence and I will never have no medical evidence because I will never deal with medical." (N.T., Oct. 21, 2009, at 67.) Moreover, Griffin does not argue on appeal how (or even that) counsel could have assisted him in litigating this specific issue.[5] Thus, under the circumstances, we cannot say that the denial of counsel hampered Griffin's ability to present a claim that was otherwise potentially meritorious. Consequently, we cannot conclude that any abuse of discretion in denying counsel constitutes reversible error as to this sole remaining claim. For the benefit of all concerned, however, we note that our ruling may have been different if Griffin's claims for prospective relief had remained live on appeal.

Accordingly, we will affirm the District Court's judgment as to Griffin's claim for monetary damages, but vacate its judgment as to Griffin's other claims and remand for the District Court to dismiss his complaint as to those claims as moot. In light of our disposition, we need not address the parties' remaining arguments.

---

[5] Griffin argues that counsel could have assisted him in obtaining the discovery he sought, and also argues the denial of his discovery motions as an independent ground for reversal. The discovery in question, however, relates to the existence and defendants' knowledge of the alleged conditions, not to his alleged risk of future injury.